UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ELENA LOPEZ-ROGRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>KERN MEDICAL SURGERY CENTER, LLC, et al.<br><br>Defendants. | Case No. 1:20-cv-01187-CDB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>(Doc. 49) |

Before the Court is Plaintiff's motion for leave to file a third amended complaint (TAC). (Doc. 49). Defendants filed an opposition to the motion May 25, 2023 (Doc. 50), and Plaintiff filed a reply on June 2, 2023. (Doc. 53). For the reasons explained below, the Court will grant Plaintiff leave to file an amended complaint.

## **BACKGROUND**

On February 20, 2020, Plaintiff filed her complaint against Defendants in the California Superior Court, County of Kern. (Doc. 49-2 "Bellah Decl." ¶ 2). On July 31, 2020, Plaintiff filed her first amended complaint (FAC) which added two federal causes of action. *Id.* at ¶ 3. The federal causes of action allege that Defendants retaliated against Plaintiff for taking leave, and unlawfully discharged her for taking leave in violation of the Family and Medical Leave Act (FMLA) 29 U.S.C§ 2601 *et. eq*. *Id.* Following those amendments, on August 21, 2020, Defendants filed a notice of removal, which brought the case before this Court. (Doc. 1). With

1    Defendants' consent, Plaintiff filed a second amended complaint (SAC) on September 8, 2020.

2    (Doc. 6).  On September 22, 2020, Defendants filed a motion to dismiss (Doc. 7) and separate

3    motion to strike.  (Doc. 8).

4          On December 23, 2022, the Court entered an order granting in part and denying in part

5    Defendants' motion to dismiss, and denying Defendants' motion to strike.  (Doc. 33).  In

6    addition, the December 23 Order granted Plaintiff leave to amend the SAC and file the TAC

7    within 21 days of service of its order. *Id*. at 29.  Plaintiff did not file a TAC.

8          The proposed TAC, which is now at issue, was filed as an exhibit to the declaration in

9    support of the instant motion.  (Bellah Decl. ¶ 2, Ex. 3).  The TAC removes all references to the

10   FMLA and other federal causes of action.  The parties both believe that if Plaintiff is granted

11   leave to file the TAC, the action may be remanded to state court.  (Docs.  49-1 p. 6; 50 pp. 7-8).[1]

12                                    **PARTIES' ARGUMENTS**

13         Plaintiff asserts that the TAC is not motivated by bad faith or dilatory tactics, even if the

14   amendment may result in remand back to state court.  In addition, Plaintiff argues that Defendants

15   would suffer no prejudice as the allegations that form the basis of the amendments in the TAC are

16   identical to those already included in the FAC and the SAC.  Plaintiff also claims that even if this

17   case gets sent back to state court, it will not result in any significant delays.

18         Defendants claim that Plaintiff had prior opportunities to amend the operative complaint

19   but chose not to do so.  Defendants further assert that Plaintiff's attempt to remove federal

20   jurisdiction after two-and-a-half years and the assignment of new counsel on the matter is

21   motivated by bad faith.

---

[1] The Court notes that remand is not a forgone conclusion. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n. 6 (2007) ("when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *In Touch Concepts, Inc. v. Cellco Partnership*, 788 F.3d 98, 100-01 (2d Cir. 2015) (same). *Accord Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9ths Cir. 2006) ("post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court.").

**STANDARD OF LAW**

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Fed R. Civ. P. 15(a)(1)-(2).  The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Although the decision whether to allow amendment is in the court's discretion, "[i]n exercising its discretion, a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations omitted).

The factors commonly considered to determine the propriety of a motion for leave to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura Cty. Cmty. Coll. Dist.*, 743 F.3d 130, 1319 (9th Cir. 1984) "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186. "The other factors used to determine the propriety of a motion for leave to amend could each, independently, support a denial of leave to amend a pleading." *Beecham v. City of W. Sacramento*, No. 2:07-cv-01115-JAM-EFB, 2008 WL 3928231, at *1 (E.D. Cal. Aug. 25, 2008) (citing *Lockeed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)).  Of these factors, "prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  The party opposing amendment bears the burden of showing prejudice. *DCD Programs*, 833 F.2d at 187 (citing *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)).

**ANALYSIS**

As a preliminary matter, the Court notes that the futility of amendment prong is largely inapplicable here. Plaintiff's proposed amendment seeks to remove claims rather than add new ones.

### A. Undue Delay

Defendants assert that Plaintiff has unduly delayed in seeking amendment. Defendants point to the two-and-a-half-year delay in filing the TAC. (*Compare* Doc. 6 to Doc. 49). However, undue delay, by itself, is insufficient to justify denial of leave to amend. *DCD Programs*, 833 F.2d at 186. Furthermore, as the Court previously acknowledged, this delay largely was attributable to the Court's own overburdened docket and not to any action or inaction by Plaintiff. (*See* Doc. 33 p. 28). To be sure, there was a significant passage of time between the December 23 Order's 21-day period within with to file the TAC and Plaintiff's filing of the TAC many months later concurrent with the instant motion. Thus, at least a small part of the ongoing delay fairly can be attributed to Plaintiff.

Nevertheless, the Court cannot accept Defendants' conclusory claim that the prejudice from the undue delay is "self-evident" given that they carry the burden of proof in opposing amendment. *DCD Programs*, 833 F.2d at 186. Accordingly, Defendants' have not met their burden of demonstrating the presence of undue delay warranting denial of leave to amend.

### B. Bad Faith

Defendants also argue that Plaintiff's motion to amend is motivated by bad faith. (Doc. 50 p. 6-7). Bad faith has been construed by the Ninth Circuit as a plaintiff "merely []seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). A plaintiff generally is considered the master of his or her complaint and may freely choose to plead state law causes of action only, even where viable claims under federal law may exist. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). However, a plaintiff may not "avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of the claim." *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 860 (9th Cir. 1987).

Defendants argue that Plaintiff sought to remove her federal claims only after a change of counsel and despite multiple prior opportunities to remove them. According to Defendants, Plaintiff's actions amount to impermissible forum shopping. Defendants cite to *Hernandez v. DMSI Staffing, LLC.*, 79 F.Supp.3d 1054, 1059 (N.D. Cal. 2015) in support of their claim that

4

1 Plaintiff is acing in bad faith.  In *Hernandez*, the court found that a plaintiff acted in bad faith
2 when she sought to amend her pleadings to destroy diversity before receiving an adverse ruling
3 on a motion to compel arbitration.  *Id*. at 1059.  The *Hernandez* plaintiff knew that her federal
4 cause of action was time-barred but nevertheless raised federal claims in order hedge her bets via
5 parallel state and federal proceedings. *Id*. at 1060.  The court found that the plaintiff tactically had
6 filed a duplicate action in state court and timed her motion to amend to have the benefit of
7 previewing the defendants' motion to compel, all of which the court concluded "is not
8 countenanced by Rule 15." *Id.*  The court in *Hernandez* found that if the plaintiff was allowed to
9 amend her claim, then the defendants would be denied an opportunity to fully adjudicate the
10 motion to compel arbitration.  In addition, the defendants would incur additional expenses so that
11 "[p]laintiff can have a trial run."  *Id*.

12   In this case, there is no such indicia of bad faith. Instead, this case is far more analogous
13 to *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995).   There, as here, following
14 removal of their action to federal court, plaintiffs amended their complaint to remove federal
15 causes of action and moved to remand.  The district court awarded defendants attorneys' fees,
16 finding plaintiffs had been "manipulative" because "if plaintiffs wished to avoid federal court,
17 they should have dropped their federal claims before ever filing a complaint." *Id.*  The Court of
18 Appeals disagreed, reasoning that "[f]iling federal claims in state court is a legitimate tactical
19 decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court."
20 *Id.*  The Court continued that, following removal, there is "nothing manipulative" about the
21 plaintiff dismissing their federal claims and moving to remand.  *Id.* (characterizing this as a
22 "straight-forward tactical decision."

23   Defendants fault Plaintiff for adding the federal causes of action, but Defendants were the
24 ones who removed this case to federal court.  (Doc. 1).  Although Plaintiff has not expeditiously
25 moved to remand this case to state court, little progress has been made with respect to litigating
26 and advancing the claims in this Court.  Indeed, the Court only recently issued its scheduling
27 order.  (Doc. 47).  Furthermore, Defendants have not pointed to any indicia of bad faith
28 suggesting Plaintiff improperly hedged her bets or tested the waters in federal court before opting

to drop her federal claims. Accordingly, Defendants' have not met their burden of demonstrating the presence of bad faith warranting denial of leave to amend.

### C. Prejudice

Lastly, the Court finds that granting Plaintiff leave to amend would not cause Defendants any undue prejudice. Prejudice may be found where the amendment would require additional discovery after the close of discovery or the relitigation of issues previously decided. *Jackson*, 902 F.2d at 1387-88. Prejudice to the opposing party is recognized as the *Foman* factor that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Defendants argue that if leave to amend is granted, then remand to state court will follow, which would then further delay this action. Aside from being speculative, any such delay standing alone does not constitute prejudice and Defendants identify no specific harm that would follow any period of delay. *Sonoma Cty. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1118 (9th Cir. 2013). As Plaintiff points out, the proposed amendments would not significantly burden the parties with additional discovery obligations, nor would amendment render the discovery efforts already undertaken useless.

## CONCLUSION AND ORDER

For the forgoing reasons, it is HEREBY ORDERED that Plaintiff's motion for leave to amend complaint (Doc. 49) is GRANTED.

It is FURTHER ORDERED that Plaintiff file any third amended complaint within 10 days of the service of this order.

IT IS SO ORDERED.

Dated: **June 23, 2023**

UNITED STATES MAGISTRATE JUDGE

6